# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JENNIFER NELSON, | ) | |
| Plaintiff | ) | 14 cv 1494 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| Defendant | ) | |

## ORDER

Plaintiff Jennifer Nelson ("Plaintiff" or "Nelson") appeals the Commissioner of Social Security's decision to deny her Social Security disability under Title II of the Social Security Act. Plaintiff has filed a motion for summary reversal or remand [18]. We hereby grant Plaintiff's motion and deny the Commissioner's motion for summary judgment [26]. The Administrative Law Judge's decision is reversed and remanded for further proceedings consistent with this opinion.

## STATEMENT

Plaintiff appeals the Commissioner of Social Security's decision to deny her Social Security disability benefits under Title II of the Social Security Act.[1] Plaintiff filed a motion for summary reversal of remand, which this Court will construe as a motion for summary judgment. A motion for summary judgment has also been filed on behalf of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"). For the reasons outlined below, we grant Plaintiff's motion and deny the Commissioner's motion. The Administrative Law Judge's decision is reversed and remanded for further proceedings consistent with this opinion.

Plaintiff claims that she has been disabled since February 2007, due to depression and a

1

sleep disorder. Plaintiff applied for disability benefits on June 11, 2009. Her application was denied and was also denied on reconsideration. Thereafter, a hearing was held before ALJ Kathleen Mucerino, in Orland Park, IL on April 18, 2010.[2] On October 18, 2010, ALJ Mucerino issued a decision deny Nelson her benefits.[3] Nelson requested review of the 2010 decision and the Appeals Council remanded the case on December 28, 2011.[4] A remand hearing was held on September 21, 2012, before ALJ Victoria Ferrer in Orland Park, IL.[5] ALJ Ferrer issued a decision denying Nelson benefits on January 2, 2013, finding that she was not disabled under sections 216(i), 223(d), and 1614(a)(3)(4) of the Social Security Act. On January 9, 2014, the Appeals Council declined to review the ALJ's decision. As a result, the Appeals Council constituted the final decision of the Commissioner.[6]

The ALJ found, *inter alia,* that Nelson: 1) meets the insured status requirements of the Social Security Act through March 31, 2013; 2) has not engaged in substantial gainful activity since February 20, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*); 3) has the following severe impairments: depression and disordered sleep; 4) does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1; 5) has the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: she is limited to simple, routine, repetitive tasks; she is able to understand, remember and carry out simple instructions; she is limited to occasional interaction

---

[1] See 42 U.S.C. § 405(g)
[2] R at 138.
[3] R at 135-148.
[4] R at 152-56.
[5] R. at 13.
[6] *Luna v. Shalala*, 22 F.3d 687, 689 (7th Cir. 1994); 20 C.F.R. §§404.981, 416, 1481.

with crowds, coworkers and the public; she is unable to meet the demands of fast-paced, high-production work, such as assembly line work; she is limited to work tasks requiring short demonstration, up to thirty days to learn.

The record shows that Nelson has a history of depression and received outpatient therapy during much of the 1990s.[7] She went through a divorce in 2006, after which her depression worsened and she attempted suicide in May 2006 by Ambien overdose. Following her attempted suicide, Nelson was treated at an inpatient facility for her depression. Nelson testified that, after her release from the hospital, she attempted to return to work at her full-time job in the Weber Grill human resources department, but her position was eventually terminated and she accepted a severance package.[8] By 2007, Nelson lost her last full-time job at Weber Grill, as well as her health insurance, and her apartment. Since then, she has lived with her mother, Dorothy Nelson, and her step-father.[9] Nelson attempted to work 20-25 hours per week at Curves, but missed work regularly due to her depression and sleep disorder. Nelson testified that she could not have worked full time because her sleep disorder left her exhausted each day. Nelson later worked at H&R Block in 2009 answering phones, but could only work on alternate days due to the effects of her sleep disorder.

Following her release from the hospital, Nelson saw a therapist, Dr. Kelly Bishop at Alexian Brother until December of 2006, and was prescribed medication by other Alexian Brothers doctors, but had to stop treatment due to insurance reasons.[10] Nelson reports thinking and fantasizing about suicide constantly, has difficulty sleeping, cries frequently, and isolates

---

[7] R. at 418, 434, 464-65.
[8] R. at 44.
[9] R. at 435, 437, 463, 471, 529.

herself.[11] Although she has not attempted suicide since 2006, she has called the suicide hotline three times, and states that she writes a suicide note every four or five months. She testified that her depression creates an "overwhelming feeling" that prevents her from working, and that her sleep disorder leaves her exhausted.[12]

In a September 2009 Function Report, Nelson claimed that she tended to isolate herself, and that some days she stays in bed and her mother prepares her meals.[13] She also reported difficulty with sleeping and personal care.[14] She stated that she was able to do some laundry and clean the bathroom, but she required reminders to do so, and occasionally has help from her mother completing those tasks.[15] According to Nelson, she only goes outside once per week, and tries to get her shopping for personal needs over quickly.[16] The majority of her contact with other people occurs over the phone, but she will see friend once every few months.[17]

## DISCUSSION

### I. STANDARD OF REVIEW

According to the Social Security Act, a person is disabled if she/he is unable to perform any substantial gainful activity "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[18] The ALJ's decision must be upheld if it is supported by substantial evidence. If the ALJ's decision "lacks evidentiary

---

[10] R. at 307.
[11] R at 435, 460, 463, 464.
[12] *Id.* at 51-52, 109.
[13] R. at 322.
[14] R. at 323.
[15] R at 324.
[16] R at 325.
[17] R. at 327.

4

support," or is so poorly articulated as to prevent meaningful review, the case must be remanded.[19]

## II. THE ALJ'S RFC ASSESSMENT FAILED TO ACCOUNT FOR NELSON'S "DISORDERED SLEEP" AND IMPROPERLY DETERMINED ITS CAUSE.

In Step Two of the Substantial Evaluation Process, the ALJ found that Nelson's "disordered sleep" is a severe impairment.[20] Nelson has been diagnosed with a sleep disorder and prescribed trazodone to help her sleep.[21] However, the ALJ's RFC assessment did not discuss any of the limitations that would likely be caused by that sleep disorder. Nelson's sleep disorder "significantly limits her physical or mental ability to do basic work activities…."[22] Therefore, the ALJ must take that disorder into account when determining her mental RFC.

Nelson's claim is that she cannot keep a full-time job, because the combination of her depression and sleep disorder leaves her exhausted and unable to maintain a full time job schedule. Although the ALJ found that Nelson's mental RFC was limited, the ALJ appears to have considered those limitations to be caused only by her depression and not her sleeping disorder. Review of the ALJ's analysis and the evidence on which she relied, demonstrates that the ALJ believed that Nelson's mental limitations are caused only by Nelson's depression, and ignore the effects of her sleep disorder. For example, the ALJ placed "great weight" on the opinions of the non-examining State agency reviewer, Patricia Beers, Ph.D., who did not consider Nelson's sleep disorder in reaching her opinions and only considered Nelson's

---

[18] *See* 42 U.S. C §423(d)(1)(A).
[19] *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).
[20] R. at 16.
[21] R. at 435, 460, 463, 471, 471, 474, 477, 507.
[22] 20 C.F.R §§ 404.1520(c), 416.920(c).

"dysthymic disorder with anxiety." [23]

Additionally, the ALJ's RFC assessment failed to consider whether Nelson can "perform sustained work activities in an ordinary work setting on a regular basis."[24] The ALJ reasoned that Nelson "alleges a sleep disorder yet apparently spends much of her day in bed, which might arguably interfere with an ability to sleep at night," but the ALJ also found Nelson's sleep disorder a severe impairment.[25] As such, the ALJ improperly "played doctor" by speculating about the cause of Nelson's sleep disorder.[26] The ALJ is not a doctor and cannot appropriately opine on whether Nelson's sleep disorder is caused by her daytime activities. Doing so overstepped the bounds of the role assigned to the ALJ, and requires remand.

## III. THE ALJ IMPROPERLY ANALYZED EVIDENCE FROM NELSON'S WITNESSES

The regulations requires the ALJ consider "evidence from employers, spouses, relatives and friends."[27] Such evidence may "show the severity of [a claimant's] impairment(s) and how it affects [the claimant's ability to work…"[28] The ALJ improperly analyzed three third party statements, revealing a misunderstanding of the evidentiary value of such statements and violated the Commissioner's ruling.[29] In assessing this evidence, ALJ is required to "consider such factors as the nature and extend of the relationship, whether the evidence is consistent or not."[30] Nelson provided three witness statements covering the nature and severity of her depression,

---

[23] R. at 439-52, 453-56
[24] *Dominquese v. Massanair*, 172 F.Supp.2d 1087, 1101 (E.D. Wis. 2001) (citing SSR 96-8, 20 C.F.R § 404.1545(b)).
[25] R. at 16, 27.
[26] *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cor. 1996).
[27] SSR 06-03p, 2006 WL 2329939, at *4.
[28] 20 C.F.R §§404.1513(d), 416.913(d); *see also* SSR 06-03p, 2006 WL at *2; *Green v. Colvin*, No. 1:12-cv-176_JEM, 2013 WL 5320272, at *8. (N.D. Ind. Sept. 20, 2013).
[29] Pl's Br. at 11-14.

including her mother.

The ALJ rejected each of the statements provided by Nelson. Regarding Nelson's mother's statement, the ALJ stated that she lacks the necessary expertise to provide insight into Nelson's functional limitations. This finding stands in clear conflict with SSR 06-03p, which notes that "other sources" may have "special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function."[31] Thus, this policy ruling states that non-medical sources, such as family members, may have valuable information regarding a claimant's symptoms and their effect on the claimant's functioning, regardless of the family member's supposed expertise. The ALJ rejected Nelson's witness statements without considering that their appropriate evidentiary value based on an improper consideration – namely, their lack of medical expertise. Therefore, the ALJ was incorrect to discount Nelson's mother's statement based solely on her lack of expertise.

## CONCLUSION

For the foregoing reasons, we remand this matter for further proceedings consistent this opinion. Plaintiff's motion for summary reversal or remand [10] is granted and the Commissioner's motion for summary judgment is hereby denied [26].

**ENTER:**

**DATED: 1/19/2016**

**U.S. Magistrate Judge, Susan E. Cox**

---

[30] SSR 06-03p, 2006 WL at *6
[31] SSR 06-03p, 2006 WL at *2